IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC BLANTON** : | |
| : | |
| : | **CIVIL ACTION COMPLAINT NO.** |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **JURORS DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| : | |
| And : | |
| : | |
| **EQUIFAX INFORMATION SERVIVCES** : | |
| **LLC** : | |
| : | |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant Trans Union is a citizen of the Commonwealth of Pennsylvania, as defined by 28 U.S.C. §1391(c)(2).

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer

1

reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Trans Union's consumer dispute center is located in the Eastern District of Pennsylvania.

6. Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over 250,000 consumers in Pennsylvania.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Defendants are reporting Plaintiff's Covington Credit (Covington Credit) account numbers 25321**** on Plaintiff's Trans Union and Equifax credit reports.

9. Plaintiff's debt with Covington Credit arose from signature loans. Covington Credit closed the accounts after the accounts were closed with a zero balance. Plaintiff's payment obligations to Covington Credit ceased.

10. The trade lines were updated to reflect a $0 balance when the accounts were closed.

11. According to Plaintiff's Trans Union credit report dated 02/12/2019, Plaintiff's Covington Credit accounts were closed with a $0 balance on or about 02/28/2017 and 10/24/2016. Despite the Covington Credit accounts being closed with a $0 balance, Covington Credit continued

to report an erroneous pay status of "Account 60 Days Past Due" for the above-listed account that closed on 02/28/2017 and "Account 30 Days Past Due" for the above-listed account that closed on 10/24/2016, on Plaintiff's Trans Union report dated 02/12/2019. It is both impossible and incorrect for accounts that were closed with a "0" balance to still be reporting as 60 Days Past Due and 30 Days Past Due as of 02/12/2019. Not only are the Covington Credit accounts false on the face of the credit report, but this reporting is misleading because it makes it look as if Plaintiff is still late on these accounts that were previously closed with zero balances. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12. According to Plaintiff's Equifax credit report dated 1/23/2019, Plaintiff's Covington Credit accounts were closed with a $0 balance on or about 02/2017 and 10/2016. Despite the Covington Credit accounts being closed with a $0 balance, Covington Credit continued to report an erroneous pay status of "60-89 Days Past Due" for the above-listed account that was closed on 02/2017 and "30-59 Days Past Due" for the above-listed account that was closed on 10/2016, on Plaintiff's Equifax report dated 01/23/2019. It is impossible and incorrect for accounts that were closed with a "0" balance to still be reporting as 60-89 Days Past Due and 30-59 Days Past Due as of 01/23/2019. Not only are the Covington Credit accounts false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

13. Defendant Trans Union is reporting Plaintiff's Arrow Ford, Inc., (Arrow Ford) account # 716** on Plaintiff's Tans Union credit report.

14. Plaintiff's debt with Arrow Ford arose from an auto loan. Arrow Ford closed the account on 04/02/2015, after the account was closed with a zero balance. Plaintiff's payment obligations to Arrow Ford ceased.

15. The trade line was updated to reflect a $0 balance when the account was closed on 04/02/2015.

16. According to Plaintiff's Trans Union credit report dated 02/12/2019, Plaintiff's Arrow Ford account was closed with a $0 balance on or about 04/02/2015. Despite the Arrow Ford account being closed with a $0 balance on or around 04/02/2015, Arrow Ford continued to report an erroneous pay status of "Account 120 Days Past Due" for the above listed account on Plaintiff's Trans Union report dated 02/12/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 120 Days Past Due as of 02/12/2019. Not only is the Arrow Ford account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

17. The pay status is a significant data field that represents the current condition of the accounts. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to Covington Credit and Arrow Ford have ceased. At the time that the accounts were closed, the accounts should have been reported with a "Pay Status" data field showing

"closed". Instead of reporting the account as currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" the correct reporting would have reported the pay status as "closed". Reporting the accounts as currently "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" appears as if the accounts are a very recent delinquency, which they are not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of "60 Days Past Due", "30 Days Past Due", "120 Days Past Due", "30-59 Days Past Due" or "60-89 Days Past Due" is reporting as if Plaintiff is currently late on payments to Covington Credit and Arrow Ford even if those late payments are $0. Listing debts with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, and the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

18. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Covington Credit and Arrow Ford accounts as reported by Trans Union and Equifax to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

19. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

20. Plaintiff disputed the inaccurate late pay status on their Covington Credit and Arrow Ford accounts through dispute letters sent to Trans Union and Equifax.

21. Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

22. Trans Union and Equifax did not provide good faith investigations into the disputed pay status of the Covington Credit and Arrow Ford accounts. Trans Union and Equifax did nothing more than parrot inaccurate data from Covington Credit in their investigations. Trans Union did nothing more than parrot inaccurate data from Arrow Ford in its investigation.

23. Based upon information and belief, Trans Union and Equifax received Plaintiff's disputes and transmitted the disputes to Covington Credit, triggering the investigations duties for defendants; however, defendants failed. Based upon information and belief, Trans Union received Plaintiff's dispute and transmitted the dispute to Arrow Ford, triggering Trans Union's investigation duties; however, Trans Union failed. Had they conducted proper investigations, they would have discovered that the reporting of a late pay status for $0 balance accounts is nonsensical and wrong. Instead, Trans Union and Equifax verified the erroneous trade lines displaying the late pay statuses.

24. Covington Credit continues to report, and Trans Union and Equifax continue to allow Covington Credit to report, a pay status indicating that the debt is currently late. Arrow Ford continues to report, and Trans Union continues to allow Arrow Ford to report, a pay status indicating that the debt is currently late.

### COUNT I
### TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

6

26. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

28. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed Covington Credit and Arrow Ford to report pay statuses as actively delinquent despite a $0 balance indicated on the trade lines.

29. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

30. Plaintiff's Covington Credit and Arrow Ford accounts were closed with $0 balances, but Trans Union continues to report the accounts with late/past due statuses. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid; however, they continue to report the current status as past due.

31. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

32. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

**COUNT II**
**TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT**

33. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

35. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify inaccurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay statuses on their Covington Credit and Arrow Ford accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 60 Days Past Due Date", "Account 30 Days Past Due Date", and "Account 120 Days Past Due Date" on the accounts.

37. Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Covington Credit and Arrow Ford were reporting incorrect historical pay statuses to them instead of accurate current pay statuses. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Covington Credit and Arrow Ford accounts. Trans Union simply parroted data from Covington Credit and Arrow Ford. Trans Union did nothing more than regurgitate data from Covington Credit ad Arrow Ford.

38. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were closed with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

39. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

40. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

**COUNT III**
**EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT**

41. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

43. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

44. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed Covington Credit to report pay statuses as actively delinquent despite a $0 balance indicated on the trade lines.

45. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

46. Plaintiff's Covington Credit accounts were closed with a $0 balance, but Equifax continues to report the accounts with late/past due statuses. If Equifax had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This is nonsensical. These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts

current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that these accounts were paid; however, they continue to report current statuses as past due.

47. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

48. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT IV
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

49. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

51. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify inaccurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay statuses on their Covington Credit

accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: 30-59 Days Past Due" and "Pay Status: 60-89 Days Past Due".

53. Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Covington Credit was reporting incorrect historical pay statuses to them instead of accurate current pay statuses. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Covington Credit accounts. Equifax simply parroted data from Covington Credit. Equifax did nothing more than regurgitate data from Covington Credit.

54. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

55. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

56. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to

15 U.S.C. § 1681n.  In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

57. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the negative tradelines provided by Covington Credit on Plaintiff's Trans Union and Equifax reports even though Trans Union and Equifax were put on notice of the inaccurate negative reporting through Plaintiff's dispute letters. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Arrow Ford on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

58. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

59. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

| | |
|---|---|
| BY: */s/ Matthew Weisberg* <br> MATTHEW B. WEISBERG, ESQ <br> WEISBERG LAW <br> ATTORNEY FOR PLAINTIFF <br> Attorney ID No. 85570 <br> 7 South Morton Ave. 19070 <br> Morton, PA <br> 610-690-0801 <br> Fax: 610-690-0880 <br> mweisberg@weisberglawoffices.com | BY: */s/ Gary Schafkopf* <br> GARY SCHAFKOPF, ESQ <br> SCHAFKOPF LAW, LLC <br> ATTORNEY FOR PLAINTIFF <br> Attorney ID No. 83362 <br> 11 Bala Ave <br> Bala Cynwyd, PA 19004 <br> 610-664-5200 Ext 104 <br> Fax: 888-238-1334 <br> gary@schaflaw.com |

BY: */s/ Dennis McCarty*
DENNIS McCARTY, ESQ
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd
Suite 101 #504
Rockwall, TX 75032
817-704-3375
Fax: 817-887-5069
dennismccartylaw@gmail.com